**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

| | |
|---|---|
| **MICHAEL C. SANDERS,** ) | |
| ) | |
| Plaintiff, ) | Case No. EDCV 13-659 AJW |
| ) | |
| v. ) | MEMORANDUM OF DECISION |
| ) | |
| **CAROLYN W. COLVIN,** ) | |
| **Acting Commissioner of Social** ) | |
| **Security,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff filed this action seeking reversal of the decision of defendant, the Acting Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's application for disability insurance benefits and supplemental security income benefits. The parties have filed a Joint Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

**Administrative Proceedings**

The parties are familiar with the procedural facts, which are summarized in the Joint Stipulation. [See JS 2]. In an August 12, 2011 written hearing decision that constitutes the Commissioner's final decision in this action, the Administrative Law Judge ("ALJ") concluded that plaintiff was not disabled because he retained the residual functional capacity to perform jobs that exist in significant numbers in the national economy. [JS 2; Administrative Record ("AR") 11-19].

**Standard of Review**

The Commissioner's denial of benefits should be disturbed only if it is not supported by substantial evidence or is based on legal error. Stout v. Comm'r, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006); Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation marks omitted). The court is required to review the record as a whole and to consider evidence detracting from the decision as well as evidence supporting the decision. Robbins v. Social Sec. Admin, 466 F.3d 880, 882 (9th Cir. 2006); Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas, 278 F.3d at 954 (citing Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).

**Discussion**

Plaintiff contends that in support of his request for Appeals Council review of the ALJ's decision, he submitted "new and material evidence" to the Appeals Council in the form of a letter from plaintiff's treating physician, Ramila Duwal, M.D. of Riverside-San Bernardino County Indian Health, Inc. [JS 3; see AR 645]. Plaintiff contends that the letter that "establishes a longitudinal relationship with his treating physician as well as plaintiff's treating physician's opinion that plaintiff has not been able to hold a job . . . ." [JS 3]. Plaintiff contends that the Appeals Council erred in failing to address that evidence and to remand the case to allow the ALJ "to properly review and assess this extremely relevant and probative letter," and that "[t]he Appeals Council improperly rejected [Dr. Ruwal's] opinion regarding plaintiff's ability to hold a job." [JS 3, 5].

The letter from Dr. Duwal that plaintiff submitted to the Appeals Council is dated October 13, 2011. [AR 645]. It states that plaintiff "has been followed in this clinic since 2003, that Dr. Duwal has been plaintiff's medical doctor since 2007, and that plaintiff

> has a diagnosis of Major Depressive disorder with psychotic features and also Psychosis NOS. He has not been able to hold a job in all the years that I have treated him because of

2

his continued symptoms. If there is any other questions [sic] please call the office. [AR 645].

In its decision denying plaintiff's request for review, the Appeals Council stated that it had considered Dr. Duwal's October 13, 2011 letter, considered whether the ALJ's decision was "contrary to the weight of the evidence of record," and found that Dr. Duwal's letter "does not provide a basis for changing" the ALJ's decision. [See AR 1-2, 4].

> When "new and material" evidence is presented to the Appeals Council,
> the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. §§ 404.970, 416.1470.

The regulations do not require the Appeals Council to make specific findings to justify a conclusion that the ALJ's decision is or is not "contrary to the weight of the evidence currently of record." Furthermore, a federal court "do[es] not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision" because such a decision "is a non-final agency action." Brewes v. Comm'r of Soc. Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). When the Appeals Council denies review, "the ALJ's decision becomes the final decision of the Commissioner, and the district court reviews that decision for substantial evidence, based on the record as a whole," which includes "evidence submitted to and considered by the Appeals Council." Brewes, 682 F.3d at 1161-1162. Accordingly, even if the Appeals Council erred in failing to properly consider or address Dr. Duwal's letter, this court lacks jurisdiction to review the Appeals Council's decision or to reverse the ALJ's decision based on defects in the Appeals Council's decision.

Plaintiff contends that Dr. Duwal's letter shows that he had a longitudinal treatment relationship with plaintiff, diagnosed plaintiff with major depressive disorder and psychosis, and opined that plaintiff could not hold a job. [JS 3-4]. When considering new and material evidence that was not presented to the ALJ

but was submitted to the Appeals Council, the issue is whether the ALJ's decision is free of legal error and is supported by substantial evidence based on the record as a whole, including—but not limited to—any new and material evidence presented to the Appeals Council. See Brewes, 682 F.3d at 1161-1163. Plaintiff has not argued or shown that based on the record as a whole, including Dr. Duwal's letter, the ALJ's decision is not supported by substantial evidence or contains legal error, and the Court will not analyze issues that plaintiff has waived by not raising them. See Bergfeld v. Barnhart, 361 F. Supp. 2d 1102, 1110 (D. Ariz. 2005) ("A reviewing federal court will only address the issues raised by the claimant in his appeal from the ALJ's decision. A federal court 'may set aside a denial of disability benefits only if it is not supported by substantial evidence or if it is based on legal error.'") (citing Lewis v. Apfel, 236 F.3d 503, 517 n.13 (9th Cir.2001) and quoting Thomas, 278 F.3d at 954)); see Warre v. Comm'r of Soc. Sec. Admin., 439 F.3d 1001, 1007 (9th Cir. 2006) (declining to consider an issue that the plaintiff-appellant raised on appeal to the Ninth Circuit but had waived by failing to raise it before the district court). It is difficult to avoid the conclusion that plaintiff's exclusive focus on the Appeals Council's decision, which is clearly and unequivocally non-reviewable, is a calculated attempt to avoid addressing the merits of the ALJ's decision in light of the record as a whole or to impermissibly shift the burden to the Commissioner to affirmatively demonstrate that Dr. Duwal's letter does not warrant reversal of the ALJ's decision.

## Conclusion

For the reasons stated above, the Commissioner's decision is supported by substantial evidence and is free of legal error. Therefore, the Commissioner's decision is **affirmed.**

**IT IS SO ORDERED.**

April 23, 2014

ANDREW J. WISTRICH
United States Magistrate Judge